UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

SANDRINE CALES,                                              CASE NO.:

    Plaintiff,

v.

BJ'S WHOLESALE CLUB, INC.,
Foreign Profit Corporation, and
RAMCO JACKSONVILLE, LLC.,
Foreign Limited Liability Company,

    Defendants.
_____/

### DEFENDANT'S, BJ'S WHOLESALE CLUB, INC., NOTICE OF REMOVAL

Defendant, BJ'S WHOLESALE CLUB, INC. (hereinafter "Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. § 1332, § 1441, § 1446 and Local Rule 7.2, files this Notice of Removal to the United States District Court, Middle District of Florida, in the above-styled cause and in support thereof, states:

### I. STATEMENT OF FACTS

1. On or about March 20, 2025, Plaintiff, SANDRINE CALES (herein "Plaintiff"), filed a Complaint in the Fourth Judicial Circuit in and for Duval County, Florida, in the matter styled *Sandrine Cales v. BJ's Wholesale Club, Inc. and Ramco Jacksonville, LLC.,* Case No.: 16-2025-CA-001627 (the "State Court Action"). *See* Summons and Complaint attached hereto as Exhibit "A".

2. On or about March 28, 2025, the Plaintiff served this Defendant with process in the State Court Action. *See* Return of Service attached hereto as Exhibit "B".

3.  This case is properly removable due to diversity of citizenship between Plaintiff, SANDRINE CALES, and Defendants, BJ'S WHOLESALE CLUB, INC., a foreign profit corporation, and RAMCO JACKSONVILLE, LLC., a foreign profit corporation..

4.  This Notice of Removal is being timely filed within thirty (30) days from March 28, 2025, the date upon which the Summons and Complaint was served upon Defendant, BJ'S WHOLESALE CLUB, INC.

5.  The District Courts of the United States have original jurisdiction of this civil action as provided in 28 U.S.C. §1332. Under §1332, this Court has jurisdiction based upon complete diversity as follows:

    a.  Plaintiff is a citizen of the state of Florida. *See* Exhibit "A" at ¶ 2. See also Plaintiffs medical record attached hereto as Exhibit "C".

    b.  Defendant, BJ's WHOLESALE CLUB, INC., is a citizen of the state of Massachusetts. *See* 2025 Foreign Profit Corporation Annual Report attached hereto as Exhibit "D".

    c.  Defendant, RAMCO JACKSONVILLE, LLC., is a citizen of the state of New York. *See* 2025 Foreign Profit Corporation Annual Report attached hereto as Exhibit "E".

6.  While Plaintiff's Complaint only alleges damages that exceed the amount of $50,001.00, the Plaintiff made a demand for the Defendant's insurance policy limits, exceeding the jurisdictional threshold requirement. *See* Civil Cover Sheet attached hereto as Exhibit "C".

7.  Pursuant to 28 U.S.C. § 1446(a), there are no other process, pleadings or orders, that have been served upon Defendant other than the Summons and Complaint attached hereto as Exhibit "A".

## II. MEMORANDUM OF LAW

A. **The Amount in Controversy Exceeds $75,000.**

Federal law confers upon district courts original jurisdiction in civil actions between citizens of different states in controversies which exceed the sum of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. An action meeting the requirements of 28 U.S.C. § 1332 may be removed to a district court pursuant to 28 U.S.C. § 1441(b).

Where the sufficient amount in controversy is not specified in the Complaint, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010). To establish federal diversity jurisdiction, a removing defendant may rely upon the factual representations of the plaintiff. *See Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1314-15 (11th Cir. 2002). In this matter, the Plaintiff made a demand for the Defendant's, BJ's Wholesale Club, Inc., insurance policy limits which exceed $75,000. Therefore, the amount in controversy exceeds $75,000.00.

Additionally, the court may make "reasonable deductions, reasonable inferences, or other reasonable extrapolations," and should not "suspend reality or shelve common sense in determining whether the face of a complaint... establishes the jurisdictional amount." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 – 62 (11th Cir. 2010). The amount in controversy is considered facially apparent from the complaint if the claim is "specific enough as to the duration, extent, severity, or kind of harms alleged such that the court could hazard a reliable estimate as to the value of such claims, were [the plaintiff] to prevail." *Shaker v. Akima Global Servs., LLC.,* Case No. 1:16-cv-20146, 2016 WL 4641627 (S.D. Fla. Sept. 7, 2016)(citing *Moore v. CAN Found.*, 472 F. Supp. 2d 1327, 1131 (M.D. Ala. 2007)).

Plaintiff selected rather serious language in alleging her injuries and damages including "pain and suffering", "serious" and "permanent injuries", "disability", "disfigurement", "expense of hospitalization", "loss of earnings", "loss of ability to earn money" and "loss of capacity for the enjoyment of life". District Courts, within the Eleventh Circuit, have found such allegations, without more, can be construed to meet the $75,000 diversity jurisdiction threshold. *See, Eichorn v. Home Depot USA, Inc.*, Case No. 07-61250, 2007 WL 2774247 (S.D. Fla. Sept. 24, 2007)(Denying remand where a plaintiff alleged she "suffered bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a pre-existing condition."); *Shaker v. Akima Global Servs., LLC.,* Case No. 1:16-cv-20146, 2016 WL 4641627 (S.D. Fla. Sept. 7, 2016)(Finding plaintiff's allegations of permanent injuries, mental anguish, loss of earnings and medical expenses satisfy the $75,000 jurisdictional threshold); *Gardner v. Mgmt. & Training Corp.,* Case No. 4:14CV284-RH/CAS, 2014 WL 3039335, at *2 (N.D. Fla. 2014) (Denying motion to remand when the plaintiff's complaint alleged that the defendant's "acts obstructed his ability to obtain employment..., that he suffered damages, and that the damages '[were] continuing and will not abate in the future.'"); *Sanderson v. Daimler Chrysler Motor Corp.*, Case No. 07-0559-WS-B, 2007 WL 2988222 (S.D. Ala. Oct. 9, 2007)(Finding the allegation of "serious and permanent disfigurement and scarring to her face and body" satisfied the jurisdictional inquiry); *Maconeghy v. Cooper Tire & Rubber Co.*, Case No. 08-0.335-WS-M, 2008 WL 4811398 (S.D. Ala. Nov. 3, 2008)(Finding a complaint which alleges the plaintiff "suffered serious and permanent injuries which will affect him for the rest of his life," that "he is unable to perform normal daily activities," that "he has been permanently disfigured and disabled," and that he "has suffered and will continue to suffer in the future severe pain and mental anguish"

4

**COLE, SCOTT & KISSANE, P.A.**

COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

describes an injury which sufficient severity that the amount in controversy is satisfied on its face). Given judicial authority exists which holds such allegations can establish a basis for removal, the amount in controversy is in excess of $75,000.00.

      B.      **There is Complete Diversity Between the Parties.**

To determine the citizenship of a corporation for purposes of ascertaining diversity jurisdiction, the Court looks to: (1) the state of incorporation; and (2) the state where the corporation has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business of a corporation is its nerve center, which has been defined as "the place where a corporation's officers direct, control and coordinate the corporation's activities." *Hertz Corp v. Friend*, 559 U.S. 77, 91-94 (2010) (establishing the "nerve center" test as a uniform approach for determining corporate citizenship).

There is a complete diversity between Plaintiff and Defendants as the Plaintiff is a citizen of the state of Florida, and Defendant, BJ's Wholesale Club, Inc., is a citizen of the state of Massachusetts, and Defendant, Ramco Jacksonville, LLC., is a citizen of the state of New York. *See* Exhibit "A", Exhibit "C", Exhibit "D" and Exhibit "E". Therefore, this Notice of Removal is founded and based upon complete diversity of citizenship between the Plaintiff and Defendant, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

### III.   CONCLUSION

There is complete diversity of citizenship and the matter in controversy exceeds $75,000.

WHEREFORE, Defendant, BJ'S WHOLESALE CLUB, INC., respectfully requests this Court to assume Federal jurisdiction of this action, now pending in the Fourth Judicial Circuit in and for Duval County, Florida, and approve this Notice of Removal.

Respectfully submitted, this __**28th**__ day of April 2025.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY on **this __28th__ day of April, 2025**, that a true and correct copy of the foregoing has been furnished by electronic mail (email) at designation jmarcus@farahandfarah.com to John Marcus, Esq., Farah and Farah, P.A., 10 West Adams Street, Jacksonville, Florida, 32202, Counsel for Plaintiff, and we have electronically filed the foregoing with the Clerk of Duval County by using the Florida Courts e-Filing Portal.

/s/ Joseph J. Goldberg
_____

Joseph J. Goldberg, Esq.
Florida Bar Number 91107

COLE, SCOTT & KISSANE, P.A.
Attorneys for Defendant, *BJ'S WHOLESALE CLUB, INC.*
Cole Scott & Kissane Building
9150 South Dadeland Blvd., Suite 1400
P.O. Box 569015
Miami, FL 33156
Telephone: (786) 268-6756
Facsimile: (305) 373-2294
Email: Joseph.Goldberg@csklegal.com
Email: Nicholas.Molina@csklegal.com
Email: Noemi.Rodas@csklegal.com
Email: Carol.Joslin@csklegal.com