IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO:

SANDRINE CALES,

    Plaintiff,

v.

BJ'S WHOLESALE CLUB, INC,
Foreign Profit Corporation;
RAMCO JACKSONVILLE LLC,
Foreign Limited Liability Company,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, SANDRINE CALES, by and through the undersigned counsel, hereby sues Defendants, BJ'S WHOLESALE CLUB, INC, a Foreign Profit Corporation; (hereinafter "BJ'S") and RAMCO JACKSONVILLE LLC, a Foreign Limited Liability Company (hereinafter "RAMCO") and alleges:

1. This is an action for damages in excess of $50,001.00, exclusive of attorneys' fees, interest and costs, and Plaintiff hereby demand a trial by jury; accordingly, although, to file this complaint, undersigned counsel is being required by order of the Supreme Court of Florida to contemporaneously complete a civil cover sheet with a dollar figure as an estimated amount of claim for data collection and clerical processing purposes only, the full monetary value of the damages suffered by Plaintiff is yet to be determined and will be decided in a verdict by the jury that judges the facts of this action in compliance with Article I, Section 22, Florida Constitution.

2. At all times material, Plaintiff, SANDRINE CALES, submits to this jurisdiction.

3. At all times material, Defendant BJ'S was a company authorized to do business in the State of Florida and, more particularly, Duval County.

4. At all times material, Defendant RAMCO was a company authorized to do business in the State of Florida and, more particularly, Duval County.

5. Venue is appropriate in Duval County, Florida as the tortious act occurred in Duval County, Florida.

6. On or about February 24th, 2024, Defendant RAMCO was the owner or otherwise in legal possession of a building located at 12884 City Center Blvd., Jacksonville, Florida, 32218 (hereinafter "premises") that was open to the public as a gas station and members of the public were invited therein.

7. On or about February 24th, 2024, Defendant BJ'S was in legal possession of the premises as a tenant, doing business as gas station, that was open to the public and members of the public were invited therein.

8. At that time and place, Plaintiff, SANDRINE CALES, went to the premises for the purpose of refueling her vehicle, said purpose being the Defendants holds themselves open to the public.

9. On or about February 24th, 2024, while at the premises, Plaintiff, SANDRINE CALES, was refueling her vehicle and an unsecured/improperly affixed display sign fell and made impact with her.

10. The unsecured/improperly affixed display sign was a dangerous condition.

11. Plaintiff, SANDRINE CALES suffered severe injuries because of this impact.

## COUNT I
## NEGLIGENCE OF DEFENDANT, BJ'S WHOLESALE CLUB, INC

Plaintiff re-incorporates the allegations contained within paragraphs 1-11, and further states:

12. BJ'S had certain non-delegable duties to Plaintiff to-wit:

    i. had a non-delegable duty to maintain the premises in a reasonably safe condition;

    ii. had a non-delegable duty to warn of unsafe conditions existing on the property; and,

    iii. had a non-delegable duty to monitor the premises for unsafe conditions existing on the property.

13. Defendant, BJ'S, breached those duties by:

    a. Failing to maintain the premises in a reasonably safe condition; more specifically, failed to properly secure/attach the display sign.

    b. Failing to maintain the display sign;

    c. Failing to warn of unsafe conditions existing on the property; more specifically, failed to post warning signage, failed to barricade the area, failed to provide verbal/written warnings regarding the dangerous condition;

    d. Failing to monitor the premises for unsafe conditions existing on the property; and,

    e. Defendant knew, or should have known, about the lack of maintenance and improper attachment of the display sign.

11. Plaintiff, SANDRINE CALES, was not warned of this dangerous condition and could not otherwise appreciate the dangerousness of the condition.

12. As a direct and proximate result of the aforesaid negligence, Plaintiff, SANDRINE CALES, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental

anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff, SANDRINE CALES, has sustained permanent injuries within a reasonable degree of medical probability.

**WHEREFORE**, Plaintiff, SANDRINE CALES, demands judgment for damages against Defendant, BJ'S WHOLESALE CLUB, INC and a trial by jury of all issues so triable.

<u>**COUNT II**</u>
<u>**NEGLIGENCE OF DEFENDANT, RAMCO JACKSONVILLE LLC,**</u>

Plaintiff re-incorporates the allegations contained within paragraphs 1-11, and further states:

13. RAMCO had certain non-delegable duties to Plaintiff to-wit:

    i. had a non-delegable duty to maintain the premises in a reasonably safe condition;

    ii. had a non-delegable duty to warn of unsafe conditions existing on the property; and,

    iii. had a non-delegable duty to monitor the premises for unsafe conditions existing on the property.

14. Defendant, RAMCO, breached those duties by:

    a. Failing to maintain the premises in a reasonably safe condition; more specifically, failed to properly secure/attach the display sign.

    b. Failing to maintain the display sign;

    c. Failing to warn of unsafe conditions existing on the property; more specifically, failed to post warning signage, failed to barricade the area, failed to provide verbal/written warnings regarding the dangerous condition;

    d. Failing to monitor the premises for unsafe conditions existing on the property; and,

    e. Defendant knew, or should have known, about the lack of maintenance and improper attachment of the display sign.

15. Plaintiff, SANDRINE CALES, was not warned of this dangerous condition and could not otherwise appreciate the dangerousness of the condition.

16. As a direct and proximate result of the aforesaid negligence, Plaintiff, SANDRINE CALES, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff, SANDRINE CALES, has sustained permanent injuries within a reasonable degree of medical probability.

**WHEREFORE**, Plaintiff, SANDRINE CALES, demands judgment for damages against Defendant, RAMCO JACKSONVILLE LLC and a trial by jury of all issues so triable.

Dated this 20th day of March, 2025.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing will be furnished to Defendant through process server.

**FARAH & FARAH, P.A.**

/s/. John Marcus
John Marcus, Esq.
Fl Bar No: 105357
10 West Adams Street
Jacksonville, FL 32202
(904) 789-7369
***Attorney for Plaintiff***
Email Designation:

Jmarcus@farahandfarah.com
zbetanzos@farahandfarah.com
jprice@farahandfarah.com
